[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 1, 2008
THOMAS K. KAHN
CLERK

No. 08-10622
Non-Argument Calendar

_____

D. C. Docket No. 06-00026-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOB AARON MIKELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 1, 2008)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Bob Aaron Mikell appeals his 192-month sentence imposed after

pleading guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. § 2. The district court arrived at this sentence after departing downward under U.S.S.G. § 5K1.1 based on Mikell's substantial assistance to the government. Both parties agree on appeal that the district court's starting point before the departure was within Mikell's applicable guideline range.

On appeal, Mikells argues that his sentence was substantively unreasonable in light of: (1) his underlying criminal history score before the district court applied the career offender enhancement in U.S.S.G. § 4B1.1; (2) the nature of one of his prior, qualifying drug convictions; and (3) his self-improvement efforts. After reviewing the record and reading the parties' briefs, we discern no reversible error.

We review a defendant's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. __, __, 128 S. Ct. 586, 591, 594, 597, 169 L. Ed. 2d 445 (2007); *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at __, 128 S. Ct. at 596. The factors in § 3553(a) that the court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). It is sufficient for the district court to acknowledge that it has considered the § 3553(a) factors, but it need not explicitly discuss each of them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). After considering the § 3553(a) factors, the court "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. __, 128 S. Ct. at 597. We have recognized that "there is a range of reasonable sentences from which the district court may choose." *Talley*, 431 F.3d at 788.

The Supreme Court has held that, in reviewing sentences for reasonableness under § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guideline range. *Rita v. United States*, 551 U.S. __, __,127 S. Ct. 2456, 2462, 168 L. Ed. 2d 203 (2007). However, we have declined to adopt such a presumption. *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007); *United States v. Hunt*, 459 F.3d

1180, 1184-85 (11th Cir. 2006). Nonetheless, although it is not reasonable *per se*, a within-range sentence may ordinarily be expected to be reasonable. *Talley*, 431 F.3d at 786-88.

In this case, we conclude that Mikell has not met his burden of demonstrating that the district court's sentence within the applicable guideline range was unreasonable, as the court considered the pre-sentence investigation report, the § 3553(a) factors, arguments presented in mitigation, Mikell's prior drug convictions, and his self-improvement efforts. Mikell's reliance on his un-enhanced criminal history score is misplaced because he concedes that he was properly classified as a career offender. Accordingly, we affirm Mikell's sentence.

**AFFIRMED.**