CLD-439                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2640
_____

BOB AARON MIKELL,
                                    Appellant

v.

WARDEN MONICA RECKTENWALD; ATTORNEY GENERAL UNITED STATES
OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-00189)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  October 15, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Bob Mikell appeals the United States District Court for the

Middle District of Pennsylvania's order dismissing his habeas petition filed under 28

U.S.C. § 2241.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and

we exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Mikell is a prisoner currently incarcerated at FCI-Allenwood. In September 2007, he pleaded guilty in the United States District Court for the Southern District of Georgia to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. See S.D. Ga. Cr. A. No. 06-0026-10. On January 8, 2008, he was sentenced to 132 months' imprisonment. Mikell was sentenced as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1(a), a classification that was based on two prior Georgia state convictions — one for the sale of cocaine, and one for possession of cocaine with the intent to distribute. Mikell appealed his criminal judgment to the Eleventh Circuit, and that Court affirmed. See United States v. Mikell, 284 F. App'x 707 (11th Cir. 2008).

In February 2010, Mikell filed a motion under 28 U.S.C. § 2255, claiming that his counsel had been ineffective, that he had not entered his guilty plea knowingly and intelligently, and that his state convictions were invalid and should not have been used to calculate his federal sentence. See S.D. Ga. Civ. A. No. 09-0065. In January 2011, a magistrate judge recommended that Mikell's motion be denied on the merits, and on March 3, 2011, the District Court approved and adopted the magistrate judge's report and recommendation. The Eleventh Circuit then denied Mikell's motion for a certificate of appealability.

After other filings not relevant here, on January 25, 2013, Mikell filed a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He claimed that he was "actually innocent of being a[] Career Offender" based on the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010),[1] and because he did not actually commit the state crimes that underlie his career-offender status. The District Court dismissed Mikell's petition, concluding that it lacked jurisdiction to review the petition because the claims could be raised in only a § 2255 motion. Mikell then filed a timely notice of appeal.

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, a federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. Cradle, 290 F.3d at 538. This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

---

[1] In Carachuri-Rosendo, the Supreme Court considered whether a Texas state drug offense for simple possession qualified under the Immigration and Nationality Act (INA) as an "aggravated felony." 130 S. Ct. at 2580. In general, a state drug conviction constitutes an aggravated felony if the offense of conviction is analogous to a felony under the federal Controlled Substances Act (CSA). See id. at 2581-82. In Carachuri-Rosendo, the Court noted that, under the CSA, with certain irrelevant exceptions, simple possession is punishable as a felony only when the defendant has a previous drug conviction. Id. at 2581. The Supreme Court held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been convicted under [the INA] of a felony punishable as such under the Controlled Substances Act." Id. at 2589 (internal quotation marks omitted).

3

proceeding from affording him a full hearing and adjudication of his . . . claims." Id. at 538. This exception is extremely narrow and applies in only rare circumstances. In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted.

Mikell asserts that he is innocent of being a career offender, and that, therefore, his claim is properly brought under § 2241. There are several problems with Mikell's position — for instance, it is not clear how Carachuri-Rosendo actually supports his cause, and he could have raised the arguments that he raises now in his § 2255 motion — However, the simplest reason for denying the relief under § 2241 is that Dorsainvil allows relief under § 2241 only when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal. Id. at 251-52. Mikell makes no allegation that he is actually innocent of the drug crime for which he was convicted; he asserts only that his sentence was improper. The Dorsainvil exception is therefore inapplicable, and relief under § 2241 is not available. See Okereke, 307 F.3d at 120-21 (holding that a petitioner could not proceed under § 2241 because his argument was based on Apprendi v. New Jersey, 530 U.S. 466 (2000), which "dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal").

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

4